## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FATIN ALKHAFAJI, in her capacity as | ) Civil Action No. |
| Administrator of the Estate of Abbass Alkhafaji; | ) |
| A. A, a minor; SANA ALKHAFAJI, in her | ) |
| capacity as guardian for A. A.; ALLIAH | ) |
| ALKHAFAJI; SHAEMAH ALKHAFAJI; | ) |
| BETOOL ALI, in her capacity as | ) |
| Executor/Administrator/Trustee/Representative | ) |
| or Guardian of the Estate of Hamziah Alkhafaji; | ) |
| | ) |
| Defendants. | ) |

## INTERPLEADER COMPLAINT

Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business located therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader, says:

### I.  THE PARTIES

1.      Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2.      Upon information and belief, Defendant Fatin Alkhafaji (hereinafter "Fatin") is an adult individual residing in the Commonwealth of Pennsylvania.  Upon information and belief, Fatin was the spouse of Abbass Alkhafaji (hereinafter the "Insured") at the time of his death. Fatin is named in this action in her capacity as Administrator of the Estate of the Insured.

3.     Upon information and belief, Defendant Sana Alkhafaji (hereinafter "Sana") is an adult individual residing in the Commonwealth of Pennsylvania.  Upon information and belief, Sana is an ex-wife of the Insured.  Sana is named in this action in her capacity as guardian to A. A.

4.     Upon information and belief, Defendant A. A. (hereinafter "A. A."), a minor, is an individual residing in the Commonwealth of Pennsylvania.  Upon information and belief, A. A. is the son of the Insured and Sana.  A. A.  is named in this action as  putative beneficiary.

5.     Upon information and belief, Defendant Alliah Alkhafaji (hereianfter "Alliah") is an adult individual residing in the State of Colorado.  Upon information and belief, Alliah is a daughter of the Insured.  Alliah is named in this action as a putative beneficiary.

6.     Upon information and belief, Defendant Shaemah Alkhafaji (hereinafter "Shaemah") is an individual residing at 1302 Robbins Street, Philadelphia, Pennsylvania 19111. Upon information and belief, Shaemah Alkhafaji is a daughter of the Insured.  Shaemah is named in this action as a putative beneficiary.

7.     Upon information and belief, Defendant Betool Ali ("Betool") is an adult individual residing at 700 W. Oakton Street, Des Plaines, IL 60018.  Betool is named in this action in her capacity as Executor, Administrator, Trustee and/or Representative of the Estate of Hamziah Alkhafaji.

8.     Upon information and belief, Betool is the daughter of Hamziah Alkhafaji (hereinafter "Hamziah").  Upon information and belief, Hamziah is the mother of the Insured.

## II. JURISDICTION AND VENUE

9.      Jurisdiction is proper pursuant to 28 U.S.C. § 1335 because diversity of citizenship exists between two or more of the defendants and because the amount in controversy exceeds $500.00.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2), because it is the judicial district in which substantial events giving rise to these claims occurred.

### III.  FACTS SUPPORTING INTERPLEADER

11.     At all times relevant, Prudential provided group life insurance benefits to the Insured through Prudential Group Policy number LG-91475-PA, issued to the Commonwealth of Pennsylvania.  Attached hereto as Exhibit A is a copy of the Booklet and Certificate of Coverage for Group Policy LG-91475-PA (hereinafter collectively referred to as the "Policy").

12.     A beneficiary form for the Policy was executed by the Insured, upon information and belief, on or about August 27, 1987.  Attached hereto as Exhibit B is a true copy of the Beneficiary Designation form.

13.     The beneficiary designation form executed by the Insured designates Alliah as a 35% primary beneficiary, Shaemah as a 35% primary beneficiary, and Hamziah as a 30% primary beneficiary under the Policy.  *See* Exhibit B.

14.     On or about September 20, 2007, the Insured died in Baltimore, Maryland. Attached hereto as Exhibit C is a true copy of the Certificate of Death for the Insured as produced to Prudential.

15.     At the time of his death, the Insured was insured under the Policy in the amount of $50,000.00 (hereinafter the "Death Benefit").

16.     The Insured and Sana were married on or about January 29, 1989.

17.     On or about June 12, 1995 the Insured and Sana were divorced.

18.     Sana Alkhafaji has expressed to Prudential that she will legally contest the payment of proceeds under the Policy if one-third of the proceeds are not paid to her son, A. A., pursuant to a Marital Dissolution Agreement entered into with the Insured.  The Marital Dissolution Agreement, dated May 25, 1995, states in relevant part, as follows:

> Husband agrees to maintain a policy of insurance upon his own life, as is presently in effect, and to include the child, A. A., along with his two half-sisters (in equal shares), as a beneficiary of the proceeds of said policy and to furnish satisfactory proof thereof to Wife.  Husband further agrees to name the minor child, A. A., along with his two half sisters (in equal shares), as a beneficiary of his retirement plan and to provide Wife with satisfactory proof thereof.

Attached hereto as Exhibit D is a true copy of the relevant portions of the Marital Dissolution Agreement as produced to Prudential.

19.     The Marital Dissolution Agreement does not state whether the policy of insurance it contemplates is the Policy at issue in this action.

20.     Upon information and belief, the two half-sisters named in the Marital Dissolution Agreement are Alliah and Shaemah.

21.     Alliah has submitted a Beneficiary Claim Form under the Policy dated December 18, 2007.  Attached hereto as Exhibit E is a true copy of the Beneficiary Claim Form.

22.     Shaemah has submitted a Beneficiary Claim Form under the Policy dated December 18, 2007.  Attached hereto as Exhibit F is a true copy of the Beneficiary Claim Form.

23.     On or about January 18, 2008 Letters of Administration on the Estate of the Insured were granted to Fatin.  Attached as Exhibit G is a true copy of the Short Certificate for the Commonwealth of Pennsylvania, County of Lawrence certifying Letters of Administration to Fatin as produced to Prudential.

24.     In a letter dated January 25, 2008 to Prudential, Fatin, through counsel, stated that the Insured's Will changes the beneficiary designations under the Policy.

25.     On or about July 8, 2008 Betool made a claim to the Death Benefit of the Insured on behalf of her mother, Hamzeea Hadie Mohamed, for whom she claimed to hold a power of attorney.  Attached hereto as Exhibit H is a true copy of a July 8, 2008 letter from Betool.

26.     Upon information and belief, Hamzeea Hadie Mohamed is Hamziah Alkhafaji.

27.     Upon information and belief, on or about September 5, 2008 Hamziah died in Iraq.  Attached hereto as Exhibit I is a copy of a death certificate in Arabic for Hamziah and a purported English translation, both of which were provided to counsel for Prudential by counsel for Fatin.

28.     The Policy states that "Benefits that become payable on account of your death will be paid to your Beneficiary or Beneficiaries."  *See* Exhibit A at 3.  The Policy further states that "Beneficiary means a person chosen, on a form approved by Prudential, to receive the insurance benefits."  *Id.* at 13.

### IV.  THE APPROPRIATENESS OF INTERPLEADER

29.     Prudential claims no title to or interest in the Death Benefit payable under the Policy on account of the death of the Insured and is ready and willing to pay the Death Benefit to the person entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to defendants.

30.     Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to the insurance proceeds on the part of defendants.

31.    Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit under the Policy payable upon the death of the Insured.  Prudential is ready, willing, and hereby offers to deposit the Death Benefit of $50,000.00, together with claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## V.  PRAYER FOR RELIEF

WHEREFORE, Prudential respectfully requests that this Court grant the following relief:

A.    Directing Prudential to pay the sum of $50,000.00, together with claim interest, if any, into this Court;

B.    Directing the Defendants to interplead their rights to such sum;

C.    Appointing Sana Alkhafaji as guardian *ad litem* for A. A. or appointing any such other guardian as the Court deems appropriate;

D.    Appointing Betool Ali as Executor/Administrator/Trustee/Representative or Guardian for the Estate of Hamziah Alkhafaji or any such other representative or guardian as the Court deems appropriate;

E.    Restraining the defendants, and each of them, from instituting any action against Prudential to recover such sum;

F.    Discharging Prudential from all liability to the defendants arising out of the matters herein set forth upon payment of the sum of $50,000.00, with claim interest, if any, into this Court;

G.    Entry of an Order awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action; and

H.    Such other relief as is deemed just and proper.

Respectfully submitted,

**Sitko, Rodella & Bruno, LLC**

Dated:  November 5, 2009                    By:    /s/ Shannon S. Vukmir
                                                   Shannon S. Vukmir, Esquire
                                                   Pa. I.D. #92877
                                                   2006 East Carson Street
                                                   Pittsburgh, PA 15203
                                                   412.431.7490
                                                   Attorneys for Plaintiff, The Prudential
                                                   Insruance Company of America