IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Plaintiff,

v.

FATIN ALKHAFAJI in her capacity as
Administrator of the Estate of Abbass Alkhafaji,
A.A. a minor, ALLIAH ALKHAFAJI,
SHAEMAH ALKHAFAJI, BETOOL ALI in her
capacity as Executor/ Administrator/ Trustee/
Representative or Guardian of the Estate of
Hamziah Alkhafaji, and SANA ALI *in her
capacity as guadian for A.A.*

        Defendants.

09cv1477
**ELECTRONICALLY FILED**

## **MEMORANDUM OPINION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 24)**

**I.    INTRODUCTION AND BACKGROUND**

**A.    Introduction**

At issue in this case is whether plaintiff, The Prudential Insurance Company of America ("Prudential"), may disburse the disputed death benefits reward from an insurance policy through an interpleader action. Plaintiff moved for summary judgment in an attempt to adjudicate its rights to an escrow fund in a single action through interpleader pursuant to 28 U.S.C. § 1335, Federal Rule of Civil Procedure 67, and 28 U.S.C. § 2361. The Court will grant the plaintiff's complaint in interpleader and will grant summary judgment because defendants, five alleged beneficiaries, assert "adverse" claims against each other and Prudential has no interest in the disputed death benefits reward.

B.  **Procedural History**

On November 5, 2009, Prudential filed a complaint in interpleader in the United States District Court for the Western District of Pennsylvania. Defendants Fatin Alkhafaji ("Fatin"), in her capacity as Administrator of the Estate of the Insured, A. A., a minor at the time Prudential's Complaint was filed, ("A. A."), Sana Ali ("Sana"), in her capacity as guardian of A. A., Alyah Alkhafaji ("Alyah"), Shaemah Alkhafaji ("Shaemah"), and Betool Ali ("Betool"), in her capacity as Executor, Administrator, Trustee, Representative and/or Guardian of the Estate of Hamziah, are named in this action as putative beneficiaries of a Prudential group life insurance policy insuring the life of the Insured. Sana has been appointed permanent plenary guardian of the person and estate of A. A. by the Court of Commons Pleas of Allegheny County, Pennsylvania, Orphans' Court Division, which has adjudged A. A. to be incapacitated.

Plaintiff moved for summary judgment (Doc. No. 24) on June 10, 2010, seeking the following relief: the appointment of Sana as guardian *ad litem* to A. A.; the appointment of Betool Ali ("Ali") as representative of the estate of Hamziah Alkhafaji ("Hamziah"); direct Prudential to deposit the sum of $50,000.00, together with claim interest, if any, into the Court's Registry; direct all defendants to interplead their claims to the insurance death benefit; discharge Prudential from any and all liability with respect to the subject insurance policy and payment of the death benefit; and dismiss Prudential from this action with prejudice. Four of the five defendants[1] responded; none of the responses opposed Prudential's motion. *See* Defendants'

---

[1] The responding defendants are Sana, Fatin, Alyah, and Shaemah. Their chief concern is regarding how the death benefit reward will be distributed, not whether Prudential is responsible for anything other than the $50,000 death benefit reward. *See* Defendants' Responses, Doc. Nos. 25-28.

Responses, Doc. Nos. 25-28. Defendant Ali has not responded to the Plaintiff's motion.

    **C.**    **Statement of Fact**

In 1987 Abbass Alkhafaji ("Insured") purchased a $50,000 life insurance policy from Prudential. The policy had three beneficiaries, Alliah, entitled to 35%, Shaemah, entitled to 35%, and Hamziah, entitled to 30%. *See* Plaintiff's Brief in Support of the Motion for Summary Judgment, Doc. No. 24-1. In 1995, the Insured changed the beneficiaries of his policy by giving Prudential a Change in Beneficiary Form, which is the proper procedure set out by the Insured's policy to change beneficiaries. *Id*. In the reformed policy, the Insured downgraded Shaemah to 30% and he took Hamziah off the policy. *Id*. The Insured added A.A., a minor represented by Sana, as a beneficiary of the policy and entitled him to 35% of the policy. *Id*. The policy remained the same for Alliah. The Insured died in 2007. *Id*. A dispute arose as to who should be the beneficiaries among the defendants. *Id*. None of the defendants are claiming that Prudential owes more than the amount of the death benefit reward, which is $50,000. *Id*. Rather, the parties dispute who is entitled to receive the payment of the death benefit reward. *Id*.

After careful review of plaintiff's Motion for Summary Judgment, the briefs filed, the statement of material facts, the Court finds, as a matter of law based upon undisputed material facts, that plaintiff is entitled to interplead the proceeds of the insurance policy. Because a reasonable jury could not find otherwise on the record before the Court, the Court will grant the Motion for Summary Judgment for plaintiff for the reasons to follow.

    **II.**    **STANDARD OF REVIEW**

Fed.R.Civ.P. 56(c)(2) currently provides that on a motion for summary judgment, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001) (quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted)).

An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof.") (citing *Anderson* and *Celotex Corp.*) Recently, the United States Supreme Court emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted)

(quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts in favor of the non-moving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, a court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994)).

## III. DISCUSSION

The United States Court of Appeals for the Third Circuit noted that the federal interpleader statute, 28 U.S.C. § 1335 (1993), is a "remedial device which enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action." *NYLife Distributors, Inc. v. The Adherence Group, Inc.*, 72 F.3d 371, 374 (3d Cir. 1995). The chief prerequisite for allowing an interpleader action is that two or more claimants are "adverse" to each other. *New Jersey Sports Prod. v. Don King Prod., Inc.*, 15 F. Supp.2d 534, 539 (D.N.J. 1998) (Defendants adversely claimed they were entitled to the same sum of money); *See also* 7 Wright & Miller, Federal Practice and Procedure § 1705 at 549 (2001) ("Two or more claimants must be 'adverse' to each other"). The adverse requirement is not met when the claims completely lack substance, the claimants are under the control of the stakeholder, the stakeholder may be liable to both claimants, or if the fear of liability is groundless. 7 Wright & Miller, Federal Practice and Procedure § 1705 at 550-51 (2001); *see also CNA Companies v. Waters*, 926 F.2d 247, 251 (3d

5

Cir. 1991) (stakeholder must have "bona fide" fear of adverse claims).

Furthermore, the disputed reward or sum of money must be specific and limited. *See* 7 Wright & Miller, Federal Practice and Procedure § 1704 at 546-48 (2001) ("interpleader does require that a limited fund or some specific, identifiable, property be involved so that the claimants need the protection of one suit in which an equitable division can be reached"); *see also Murphy v. Travelers Ins. Co.*, 534 F.2d 1155 (5th Cir. 1976), and *Wallach v. Cannon*, 357 F.2d 557, 559 (8th Cir. 1966). Finally, the stakeholder, Prudential in this case, does not bear the responsibility to determine which defendant has the best case. *See Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957).

Prudential's action for an interpleader is appropriate because defendants are adverse to each other, and the disputed fund is limited and specified. First, the defendants are adverse to each other because all five defendants are seeking payment from the death benefit award when there are only three beneficiaries according to the policy. None of the defendants are claiming that Prudential owes any more than $50,000, rather, the dispute is regarding *which defendants* are entitled to their respective amount of the $50,000. Second, the reward is undisputably limited and specified at $50,000. Therefore, because the defendants are adverse and there is a specified fund, the Court will allow the interpleader action.

Additionally, in order to avoid future litigation and liability, Prudential is willing to disburse the $50,000 death benefit reward to the Court Registry and is asking the Court to make the final decision. At the discretion of the Court, according to Fed. R. Civ. P. 67 and 28 U.S.C. § 2361, in an interpleader action, the stakeholder may place the disputed reward in the court registry and let the reward be disbursed by the Court. Rule 67 states as follows:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67.

Furthermore, 28 U.S.C. § 2361 states as follows:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title [28 USCS § 1335], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found. Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

Since Prudential (1) is willing to place the disputed death benefit reward into the Court Registry and (2) has successfully pleaded for an interpleader action, the Court will allow Prudential to place the death benefits into the Court Registry and avoid any further liability to this policy regarding the beneficiaries' claimed entitlements.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 24) pursuant to Federal Rule of Civil Procedure 56, will be granted, and Plaintiff will be dismissed with prejudice.

Plaintiff's counsel shall serve copies of this Memorandum Opinion and the Order of Court on all defendants by hand delivery or certified mail, return receipt requested.

An appropriate order follows.

**SO ORDERED** this 1st day of June 2010

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Fatin Alkhafaji
17 Lilac Road
New Castle, PA 16105