IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

FATIN ALKHAFAJI in her capacity as
Administrator of the Estate of Abbass Alkhafaji,
A.A. a minor, ALLIAH ALKHAFAJI,
SHAEMAH ALKHAFAJI, BETOOL ALI in her
capacity as Executor/ Administrator/ Trustee/
Representative or Guardian of the Estate of
Hamziah Alkhafaji, and SANA ALI in her
capacity as guardian for A.A.

    Defendants.

09cv1477
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

This is an interpleader action brought by Plaintiff (The Prudential Insurance Company of America), the life insurer of Abbass Alkhafaji, ("the insured"), to resolve a dispute concerning distribution of the insurance proceeds among: (1) the insured's spouse, and her five children, at the time of his death (the insured's third wife, "Wife-3"); (2) the insured's ex-second wife as the legal guardian of his incapacitated child ("Wife-2"); and (3) the daughters of the insured's first wife ("Wife-1"). This Court notes that each of the Defendants has admirably represented herself (and her children) pro se.

Currently before the Court are submissions from each Defendant which this Court has designated as Cross-Motions for Summary Judgment. See doc. no. 70 converting submissions filed at doc nos. 66, 67, 68 and 69 to Motions for Summary Judgment. In addition, each

1

Defendant filed a Response to those submissions which the Court deemed to be Cross-Motions for Summary Judgment. See doc. nos. 71, 72, 73 and 74.

For the reasons set forth in great detail in this Opinion, this Court has determined that there are no genuine issues of material fact present, and thus, the insurance proceeds are to be paid in accordance with the most recent beneficiary form sent to Plaintiff which indicates as follows: (1) A.A. is entitled to recover thirty-five percent (35%) of the proceeds payable to Sana Ali (Wife-2) as his legal guardian; (2) Defendant Alliah[1] Alkhafaji is entitled to recover thirty-five percent (35%) of the proceeds; and (3) Shaemah Alkhafaji is entitled to recover thirty percent (30%) of the proceeds. Defendant Betool Ali, in her capacity as Executor/ Administrator/Trustee/Representative or Guardian of the Estate of Hamziah Alkhafaji, and Defendant Fatin Alkhafaji (Wife-3) and her children are not entitled to recover any proceeds under this policy of insurance.

### I. Background

**A. Procedural History**

This case incepted on November 5, 2009, when Plaintiff filed its Interpleader Complaint. Doc. no. 1. On December 29, 2009, Plaintiff filed an Amended Complaint. Doc. no. 7. This Court set an initial case management conference for February 25, 2010 (doc. no. 12), but postponed the conference due to representations that the parties were attempting to reach an amicable resolution to the matter.[2] See text order entry dated February 8, 2010. On March 10,

---

[1] This Court notes that "Alliah" is the spelling found in the insurance documents. During the Show Cause conference held on December 29, 2010, this Defendant appeared and spelled her name "Allyah." This Court notes that "Alliah" and "Allyah" are one person in the same.
[2] This Court takes judicial notice that there are other legal proceedings pertaining to the administration of the insured's estate currently pending before the Pennsylvania Superior Court. See Alkhafaji v. TIAA-CREF, et al., 287

2010, at the request of Plaintiff, this Court reopened this matter for further adjudication. See doc. nos. 20 and 21.

On June 10, 2010, Plaintiff filed a Motion for Summary Judgment (doc. no. 24) requesting this Court: (1) appoint Sana Ali, the insured's second wife, as guardian ad litem to A.A., an incapacitated child of the insured; (2) appoint Betool Ali as representative of the estate of Hamziah Alkhafaji – the insured's mother; (3) require Plaintiff to deposit the sum of $50,000.00, together with claim interest, into the Court's Registry; (4) direct all Defendants to interplead their claims to the insurance death benefit; (5) discharge Prudential from any and all liability with respect to the subject insurance policy and payment of the death benefit; and (6) dismiss Prudential from this lawsuit with prejudice. After receiving responses from the Defendants, this Court granted Plaintiff's Motion for Summary Judgment granting all six of the requested forms of relief. Doc. nos. 29 and 30.

This Court held a case management conference for Defendants on October 27, 2010. See doc. no. 36. The only Defendant to attend this conference was Defendant Fatin Alkhafaji (Wife-3). On October 28, 2010, this Court issued a Rule to Show Cause (doc. no. 37) why the insurance proceeds should not be equally distributed among the insured's eight children. In response to this Rule, three of the co-defendants – Defendants Shaemah Alkhafaji, Alliah Alkhafaji, (the two daughters of Wife-1), and Sana Ali (Wife-2) – filed objections to the Rule. See doc. nos. 44, 45, 46 and 49.

Given the objections, this Court held a Show Cause conference on December 29, 2010, and at that conference, Defendants Fatin Alkhafaji (Wife-3), Shaemah and Alliah Alkhafaji

---

WDA 2010 and 363 WDA 2010 (consolidated). This Opinion and related Order are strictly limited to the policy of insurance issued by Plaintiff and the subject of this interpleader action.

(daughters of Wife-1), and Sana Ali (Wife-2) were present. See minute entry from December 29, 2010. During this conference some of the participants reiterated their objections to the Rule to Show Cause, and the Court said it would convert the Defendants' prior responses related to the Rule to Show Cause into Motions for Summary Judgment. See doc. nos. 44, 45, 46 and 49. The Court then indicated it would, and did, issue a Case Management Order (see doc. no. 60), allowing each Defendant to file any additional documents or position statements on or before January 19, 2011, explaining their respective positions with respect to this Court's Rule to Show Cause (doc. no. 37).

On January 14, 2011, Defendant Alliah Alkhafaji and Defendant Shaemah Alkhafaji (daughters of Wife-1) filed and/or restated their positions to this Court's Rule to Show Cause. See doc. nos. 66 and 67, respectively. On January 19, 2011, Defendant Sana Ali (Wife-2) and Defendant Fatin Alkhafaji (Wife-3) filed and/or restated their positions to this Court's Rule to Show Cause. See doc. nos. 68 and 69, respectively.

Each of these documents (doc. nos. 66, 67, 68, and 69) will be treated as Motions for Summary Judgment filed by Defendant Alliah Alkhafaji (daughter of Wife-1), Defendant Shaemah Alkhafaji (daughter of Wife-1), Defendant Sana Ali (Wife-2), and Defendant Fatin Alkhafaji (Wife-3), respectively.

Pursuant to the Case Management Order, all of the Defendants were invited to file a Response to any one or more of these Motions for Summary Judgment (doc. nos. 66, 67, 68, and 69) on or before January 28, 2011. On January 28, 2011, Defendant Alliah Alkhafaji (daughter of Wife-1), Defendant Shaemah Alkhafaji (Daughter of Wife-1), Defendant Fatin Alkhafaji (Wife-3), and Defendant Sana Ali (Wife-2), filed Responses. See doc. nos. 70, 71, 72 and 73, respectively.

Defendants Alliah and Shaemah Alkhafaji (daughters of Wife-1), as well as Sana Ali (Wife-2), contend that based on the most recent beneficiary form the insured submitted to Plaintiff: (1) A.A. is entitled to recover 35% of these insurance proceeds through his legal guardian Sana Ali, (2) Defendant Alliah Alkfajani is also entitled to recover 35% of the insurance proceeds; and (3) Defendant Shaemah Alkhafaji is entitled to recover the remaining 30% of the insurance proceeds. See doc. nos. 66, 67, and 68. Defendant Fatin Alkhafaji (Wife-3), disagrees with this position and instead contends that based on the insured's last will and testament, he wanted all of the insurance proceeds to go to her five children as well as his two daughter by Wife-1 and his incapacitated son by Wife-2. See doc. nos. 69 and 72.

**B. Relevant Facts**

The following facts are material and are not contested by any of the Defendants.

The insured, during the course of his lifetime, was married three times relevant to this lawsuit. At the time of his death, Defendant Fatin Alkhafaji (Wife-3), was the spouse of the insured. Id. at ¶2. Defendant Sana Ali (Wife-2) was the insured's ex-wife, and is the legal guardian of A.A., the insured's incapacitated son. Id. at ¶3. Defendants Shaemah Alkhafaji and Alliah Alkhafaji are daughters of the insured by another ex-wife (Wife-1) of the insured – not Sana Ali. Id. at ¶¶ 5-6. Finally, Defendant Betool Ali is the executrix (and daughter) of the estate of Hamziah Alkhafaji. Id. at ¶7. Hamziah Alkhafaji was the insured's mother. Id. at ¶8.

After the insured's death, a dispute arose among his surviving spouse, Defendant Fatin Alkhafaji (Wife-3), his two daughters by Wife-1 – Defendants Alliah and Shaemah Alkhafaji, and the legal guardian of his incapacitated child, Sana Ali (Wife-2), as to how the insurance proceeds payable by the Plaintiff should be distributed.

5

The insured, as an employee of Slippery Rock University, obtained a group life insurance policy through Plaintiff in the amount of $50,000.00. Id. at ¶11; see also doc. no. 7-2. The insured executed a beneficiary form on or about August 27, 1987, indicating that his daughters, Alliah Alkhafaji and Shaemah Alkhafaji, were each to receive 35% of these insurance proceeds, while his mother, Hamziah Alkhafaji was to receive 30% of the proceeds. Doc. no. 7, ¶¶12-13; see also, doc. no. 7-3.

On or about February 20, 1995, the insured executed a subsequent beneficiary form indicating that his son, "A.A.," was to receive 35% of the insurance proceeds, his daughter, Alliah Alkhafaji, was to receive 35% of the insurance proceeds, and his other daughter, Shaemah Alkhafaji, was to receive 30% of the proceeds. Doc. no. 7, ¶¶14-15; see also, doc. no. 7-4. Slippery Rock University sent a letter dated May 9, 1995, verifying that the insured had named his three children (A.A., Alliah and Shaemah Alkhafaji) as his primary beneficiaries on the insurance policy at issue in this case. Doc. no. 7, ¶16; see also, doc. no. 7-5.

The life insurance policy issued by Plaintiff states in pertinent part:

>Schedule of Benefits
>
>\* \* \*
>
>Employee Term Life Coverage
>
>Benefit Amounts:
>
>Amount For Each Benefit Class:
>
>| Benefit Classes | Amount of Insurance |
>|---|---|
>| All Employees | An amount equal to the lesser of (1) and (2): |
>
>\* \* \*

> (2) $50,000.
>
> To Whom Payable: Benefits that become payable on account of your death will be paid to your Beneficiary or Beneficiaries.
>
> \* \* \*
>
> General Information
>
> Beneficiary Rules
>
> The rules in this section apply to insurance payable on account of your death, when the Coverage states that they do. . . .
>
> "Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits.
>
> You have the right to choose a beneficiary.
>
> <u>If there is a Beneficiary for the insurance, it is payable to that Beneficiary.</u> Any amount of insurance for which there is no Beneficiary at your death will be payable to the first of the following: Your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate. . . .
>
> You may change the Beneficiary at any time without the consent of the present Beneficiary. <u>The Beneficiary change form must be filed through Prudential.</u> The change will take effect on the date form is signed. But it will not apply to any amount paid by Prudential before it receives the form.
>
> If there is more than one Beneficiary, but the Beneficiary form does not specify their shares, they will share equally. If a Beneficiary dies before you, that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary form states otherwise.

See doc. 7-2 at pp. 3, 13 (emphasis added).

The insured died on September 20, 2007. In the months preceding his death, the following events transpired: In March of 2007 the insured was injured in automobile accident in Qatar. He became a quadriplegic and was hospitalized in the United States. See doc. no. 69-3. On May 16, 2007, the insured named his brother, Ahmed Raad Ali, as his agent giving him

7

durable general power of attorney. See doc. no. 69-2. On July 16, 2007, he executed a Will while a patient in John's Hopkins Hospital. See doc. no 17-1.

Defendants Alliah and Shaemah Alkhafaji (daughters of Wife-1) filed beneficiary claim forms under the insurance policy dated December 18, 2007. On January 18, 2008, Letters of Administration on the Estate of the Insured were granted to Defendant Fatin Alkhafaji (Wife-3). On January 25, 2008 Defendant Fatin Alkhafaji (Wife-3), though counsel, sent a letter to the insurer stating that the insured's Will changed the beneficiaries on the life insurance policy.[3] On July 8, 2008, Defendant Betool Ali, in her capacity as Executor/Administrator/Trustee/ Representative or Guardian of the Estate of Hamziah Alkhafaji, and on the estate's behalf, made a claim to the death benefit of the insured. Defendant Sana Ali (Wife-2) communicated to the insurer that she believed her incapacitated son, A.A., is entitled to one-third of the insurance proceeds. Defendant Fatin Alkhafaji (Wife-3) claims the insured's Will, and Islamic law and Shariah interpreting that Will, require that her five children also share in the insurance proceeds.

The insurer was granted leave to pay the proceeds into the Court and has done so.

**II. Standard of Review**

Summary judgment should be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law.

---

[3] The Will reads in relevant part, "In case I have additional monetary benefits from my job such as Life Insurance . . . that I am not aware of . . . they should divided, after cost associated with attaining those funds, according to Islamic Laws and Shariah." See doc. no. 17-1.

Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 197 (3d Cir.1994). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law. It is on this standard that the court has reviewed each of the Defendant's Motions and their respective Responses.

## III. Discussion

**A. General law governing insurance contracts**

The principles that govern this Court's interpretation of an insurance contract under Pennsylvania law are well settled. "The goal is to ascertain the intent of the parties as manifested by the language of the written instrument." Alleman v. State Farm Life Ins. Co., 508 F.Supp. 2d 452, 455 (W.D.Pa. 2007). Interpretation of an insurance policy is a question of law. Westport Ins. Corp. v. Bayer, 284 F.3d 489, 496 (3d Cir. 2002).

In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (citation omitted). When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract. Id. Ambiguous terms must be strictly construed against the insurer, but the policy language must not be tortured to create ambiguities where none exist. Id.

Based on this case law, this Court is charged with the responsibility of interpreting the Plaintiff's insurance contract at issue here, and must give all clear and unambiguous terms in the contract their plain and ordinary meaning without torturing the language of the contract to create ambiguities where none exist.

As noted above, the life insurance policy clearly and unambiguously states that "[i]f there is a Beneficiary for the insurance, it is payable to that Beneficiary." Doc. no. 7-2, p.13. The policy also clearly and unambiguously states that the insured "may change the Beneficiary at any time" but in order to do so, "[t]he Beneficiary change form must be filed through Prudential." Id.

Here, the insured, followed the policy's directive once, when he changed the beneficiaries from his daughters, Alliah and Shaemah Alkhafaji (who were each to receive 35% of the proceeds), and his mother, Hamziah Alkhafaji (who was to receive 30% of the proceeds) to his son, "A.A." (who was to receive 35% of the proceeds), and his daughters, Alliah and Shaemah Alkhafaji (who were to receive 35% and 30% of the proceeds, respectively). Like the language in the policy, the language found in the change of beneficiary form is clear and unambiguous.

Therefore, this Court finds that the insured changed the beneficiaries on his life insurance policy once, in full compliance with the process required by the unambiguous terms of his life insurance policy. Thus, at the time of his death, the named beneficiaries under the insurance policy were A.A. (who was to receive 35% of the proceeds), Defendant Alliah Alkhafaji (who was to receive 35% of the proceeds), and Defendant Shaemah Alkhafaji (who was to receive 30% of the proceeds.

**B. Law specific to changing a beneficiary on a life insurance policy**

The United States Court of Appeals for the Third Circuit has held:

> Pennsylvania law . . . is to the effect that when an insured wishes to change the beneficiary, he can do so without strict and literal compliance with the policy terms. Thus, it is not always necessary that the form supplied by the company be used or that the change be endorsed on the policy. Substantial compliance with policy provisions is sufficient. All that is required is that every reasonable effort under the circumstances be made to effect the change. Kit v. Stecker, 109 F.2d 281 (3d Cir. 1940); Ruggeri v. Griffiths, 315 Pa. 455, 173 A. 396 (1934); Riley v. Wirth, 313 Pa. 362, 169 A. 139 (1933). Cf. Breckline v. Metropolitan Life Insurance Co., 406 Pa. 573, 178 A.2d 748 (1962). See also Couch on Insurance 2d 28.66; Vance on Insurance 109 (3d ed.).

Provident Mut. Life Ins. Co. of Philadelphia v. Ehrlich, 508 F.2d 129, 132 -133 (3d Cir. 1975).

Similarly, in <u>Cipriani v. Sun Life Ins. Co. of America</u>, the Court of Appeals for the Third Circuit held:

> Pennsylvania follows the equitable doctrine of "substantial compliance". <u>Provident Mutual Life Insurance Co. v. Ehrlich</u>, 508 F.2d 129, 132-33 (3d Cir.1975); <u>Gannon v. Gannon</u>, 88 Pa.Super. 239, 243-44 (1926). Thus Pennsylvania courts will give effect to an insured's intention to change the beneficiary on an insurance policy where, even in the absence of strict compliance with the policy provisions, the insured has made every reasonable effort under the circumstances to comply with those provisions. <u>Skamoricus v. Konagiskie</u>, 318 Pa. 128, 177 A. 809 (1935); <u>Ruggeri v. Griffiths</u>, 315 Pa. 455, 173 A. 396 (1934); <u>Riley v. Wirth</u>, 313 Pa. 362, 169 A. 139 (1933). "The essential inquiry is whether . . . [it has been] . . . shown that the insured intended to execute a change to such an extent that effect should be given it." <u>Prudential Insurance Company of America v. Bannister</u>, 448 F.Supp. 807 (W.D.Pa.1978) (citation omitted).

<u>Cipriani,</u> 757 F.2d 78, 81 (3d Cir. 1985).

In <u>Erlich</u>, the insured obtained a life insurance policy which naming his first wife, Selma, as the beneficiary. 508 F.2d at 131. After the insured divorced Selma and married Shirley, he requested change of beneficiary forms from the insurer. <u>Id</u>. The insured wrote twice to the insurer directly and once to the insurance agent attempting to change the beneficiary of this life insurance policy from Selma to Shirley. <u>Id</u>. at 133. The insurer declined to change the insured beneficiary designation because of a court order issued by the Court of Common Pleas of Philadelphia. <u>Id</u>. Upon his death, both women filed competing claims for the life insurance proceeds. <u>Id</u>. at 131. The Pennsylvania District Court determined, and the United States Court of Appeals for the Third Circuit affirmed on appeal, that the Philadelphia Common Pleas Court Order was ineffectual to prevent a change of beneficiary. <u>Id</u>. at 135. The Court of Appeals also noted that under the terms of the policy, the right to change the beneficiary belonged to the insured and the insurance company had no basis to refuse him. <u>Id</u>. at 134. The Court therefore determined that the insured had done everything possible to inform the insurer that he wanted to

change his beneficiary from Selma to Shirley, thus rendering Shirley the sole beneficiary. Id. at 133 and 136.

Similarly, in Cipriani, the Court of Appeals for the Third Circuit found that the insured had done everything possible to change the beneficiary of his life insurance policy. 757 F.2d at 79. In this case, the insured gave written notice to his agent, who later told him that the change had been made. Id. at 82. During the course of trial, the district judge refused to admit testimony from the insurance agent and the general manager of the insurer's branch office which would have substantiated the claim that the insured had submitted the written change of beneficiary form. Id. The Court of Appeals found this to be reversible error and remanded the case to the district court for further proceedings consistent with its opinion. Id.

In Prudential Ins. Co. of America v. Bannister, 448 F.Supp. 807 (W.D.Pa. 1978), then Chief Judge Weber for this district, the Western District of Pennsylvania, had to determine whether to pay out the insured's life insurance proceeds to his sister, the named beneficiary, or to his wife. 448 F.2d at 809. In concluding the benefits should be paid to his wife, the Court held that the insured's act of signing a change of beneficiary form and sending it to the local office manifested his clear intention to make his wife the beneficiary of his life insurance policy. Id. The Court also noted that the insurer failed to comply with his change of beneficiary request because he failed to submit his policy, yet it complied with two other requests he made – *i.e.* his request for a policy loan and waiver of premium. Id. Thus, because it acted on two of his three requests, the Court found that the insured was lulled into thinking that his beneficiary had been changed. Id.

In addition to these federal court cases, the Supreme Court of Pennsylvania also has consistently held that generally, in order to accomplish a change of beneficiary to a life insurance

policy, the mode prescribed by the policy must be followed except where the insured does all that is in his or her power to effect a change. See Sproat v. Travelers' Ins. Co., 137 A. 621 (Pa. 1927) (lack of evidence that insured did all he reasonably could do to effect the change of beneficiary led court to determine he had not changed his beneficiary); Shay v. Merchants Banking Trust Co., Mahanoy City, 6 A.2d 536 (Pa. 1939) (insured's assignment of life insurance proceeds to bank as instead of plaintiff-wife constitutes adequate change of beneficiary notification to insurer where insured delivered the written assignment to insurance company); and Daino v. Atlantic Refining Co., 161 A.2d 42 (Pa. 1960) (It is a well-established principle that a valid change of beneficiary is conclusive as a matter of law as against any claim by the original beneficiary or the insured's personal representative.).

Like the federal court cases, in each of the aforementioned Pennsylvania Supreme Court cases, the policy required the insured to notify the insurer of a change in beneficiary; and, in each of the aforementioned cases, the Court's decision as to who should be the deemed the beneficiary of the life insurance proceeds turned on the extent of the insured's effort to communicate his desire to the insurer.

Thus, applying all of the federal and state case law discussed above to the instant matter, the question for this Court to resolve is whether the insured did all he could to notify his insurance carrier of his alleged desire to change his beneficiaries.

Here three of the Defendants – Defendants Alliah and Shaemah Alkhafaji (the two daughters of Wife-1), and Sana Ali (Wife-2) as guardian of A.A. – all contend that pursuant to the terms of the insurance policy and the most recently executed beneficiary form (dated February 20, 1995), A.A., Alliah and Shaemah Alkhafaji, are to receive benefits. None of the

14

Defendants, including Defendant Fatin Alkhafaji (Wife-3), contest the existence and the validity of this form.

However, Defendant Fatin Alkhafaji (Wife-3) argues that the insured's last Will and Testament manifests his intent to change the beneficiaries on this insurance policy from his three children by his two prior marriages (Alliah, Shaemah and A.A.), to also include his five children to her (Wife-3). Defendant Fatin Alkhafaji (Wife-3) proffers no evidence in any of her filings and submissions to this Court that the insured contacted or attempted to contact the insurer, the insurance agent, or even the Benefits and Transactions Manager at Slippery Rock University in an attempt to manifest his desire to alter the beneficiary designation. Instead, Defendant Fatin Alkhafaji's (Wife-3's) argues that the Insured believed that his Will and Testament would change the beneficiaries to this insurance policy. See doc. no. 69 at p.1.

The Superior Court, in Carruthers v. $21,000 (Formerly New York Life Ins. Co.), 434 A.2d 125 (1981), dealt with a similar issue. In Carruthers, the insured obtained a life insurance policy, initially indicating his wife as the beneficiary. Id. at 126. He later changed the beneficiary to his brother, James W. Dolbow. Id. Subsequently, he again changed the beneficiary to Lois Carruthers. Id. Both changes were executed in full compliance with the terms of the life insurance policy which indicated that a change in beneficiary could only be made via written notice received by the insurer. Id. at 126-7.

Upon the insured's death, his holographic will was admitted to probate. Id. at 126. The will indicated that "all insurance and any and all articles that belong to me and willed to anyone other than my brother, James W. Dolbow, is hereby changed to read willed to James W. Dolbow." Id. Both James W. Dolbow and Lois Carruthers claimed entitlement to the life insurance proceeds upon the death of the insured. Id.

In determining who was the appropriate beneficiary of the proceeds, the Pennsylvania Superior Court noted that the insured lived approximately three and one-half months after executing his holographic will, but made no effort to comply with the requirements set forth in the insurance policy to change the beneficiary from Ms. Carruthers to Mr. Dolbow. Id. at 127. The Superior Court further noted that the insured had complied with the policy requirements when he changed the beneficiary on two prior occasions thereby demonstrating his knowledge as to appropriate process by which he could change the beneficiary. Id.

Finally, the Court held that Mr. Dolbow's reliance on "substantial compliance" case law from foreign jurisdictions which allowed a will to work a change in a beneficiary, had either extenuating circumstances not present in the Carruthers case, and/or specific will language that was acceptable and could change to the beneficiary to the policy. Finding no extenuating circumstances the language of the holographic will to be general, the Superior Court affirmed the trial court's decision to award the proceeds to Ms. Carruthers, the last named beneficiary on the insurance policy.

Turning back to this case, as noted above, Defendant Fatin Alkhafaji (Wife-3) has provided allegations indicating that her husband believed his last Will and Testament would suffice to change the beneficiaries on his insurance policy. However, like the insured in Carruthers, the insured here followed the policy requirements and changed his beneficiaries once before, thereby exemplifying his knowledge as to how to do so.

Additionally, the insured here, like the insured in Carruthers, had time to effectuate the change of beneficiary properly, pursuant to the clear and unambiguous terms of the policy. There is documentary evidence of record, proffered by Defendant Fatin Alkhafaji (Wife-3), which indicates that the insured was in the United States and at a UMPC hospital in May 16,

2007, when he executed a document naming his brother, Ahmed Raad Ali, his durable general power of attorney. See doc. no. 69-2. On July 16, 2007, he executed a Will from John's Hopkins Hospital. See doc. no 17-1. The insured died on September 20, 2007. This evidence illustrates that the insured had the presence of mind and ample time prior to his death to prepare a durable power of attorney and execute a new Will.

There is no evidence which illustrates that the insured attempted to contact the insurer, the insurance agent, or even his employer to alter the beneficiaries of this life insurance policy. The allegations of Defendant Fatin Alkhafaji (Wife-3) that her husband thought his Will would change his insurance beneficiaries are not sufficient to survive a Motion for Summary Judgment, and the evidence of record (*i.e.* the insured's execution of and prior change of beneficiary) is contrary to those very allegations.

Therefore, due to documentary evidence illustrating that the insured knew how to alter the beneficiaries on his life insurance policy in accordance with the terms of that policy, given the lack of any evidence indicating that the insured attempted to contact the insurer during the time prior to his death, and because documentary evidence produced in this case illustrates that the insured had the presence of mind prior to his death to make other arrangements (such as executing a durable power of attorney and executing a new Will), all evidence weighs against allowing the insured's Will to change of beneficiaries to his insurance policy.

Accordingly, this Court finds that the most recently filed beneficiary notice which indicates that: (1) A.A. is entitled to recover 35% of these insurance proceeds through his legal guardian Sana Ali, (2) Defendant Alliah Alkfajani is also entitled to recover 35% of the insurance proceeds; and (3) Defendant Shaemah Alkhafaji is entitled to recover the remaining 30% of the insurance proceeds shall be upheld. Defendants Fatin Alkhafaji and Betool Ali, in

her capacity as Executor/Administrator/Trustee/Representative or Guardian of the Estate of

Hamziah Alkhafaji, are not entitled to any share of these life insurance proceeds.

An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties (VIA CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED)

**FATIN ALKHAFAJI**
17 Lilac Road
New Castle, PA 16105

**ALLIAH ALKHAFAJI**
12603 Zuni Street Apt #205
Broomfield, CO 80020

**SHAEMAH ALKHAFAJI**
1302 Robbins Street
Philadelphia, PA 19111

**SANA ALI**
218 Erwin Place
McKees Rocks, PA 15136

**BETOOL ALI**
700 West Oakton Ave
Des Plaines, IL 60018